104 F.3d 376
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mary A. ROACH, Petitioner,
v.
DEPARTMENT OF THE ARMY, Respondent.
 No. 96-3375.
 United States Court of Appeals, Federal Circuit.
 Dec. 11, 1996.
 
 Before RICH, NEWMAN, and RADER, Circuit Judges.
 RICH, Circuit Judge.
 
 Decision
 
 1
 Petitioner Mary A. Roach (petitioner) appeals the initial decision of the Merit Systems Protection Board which became final September 6, 1996, upon denial of review by the full board. Administrative Judge Bogle (the AJ) affirmed the action of the Department of the Army (Army) removing petitioner from the position of Pharmacy Technician, GS-0661-06, IV Therapy Section, Inpatient Pharmacy Service, Department of Pharmacy, Walter Reed Army Medical Center. We affirm.
 
 Discussion
 
 2
 As a result of petitioner's unscheduled absences, petitioner's supervisor, Sergeant Ezell, issued her a letter of leave restriction. Pursuant to this letter, for any absence due to illness petitioner was required to provide Sergeant Ezell a certificate, properly completed by a doctor, stating that petitioner was medically unable to report for duty. After a third absence without leave where petitioner was absent from work beginning on August 7, 1995, Sergeant Garza wrote to petitioner on September 14, 1995, advising her that she was being carried in an absence without leave status and that her failure to respond to the letter would result in a proposal to remove her. Petitioner did not respond to this letter. By memorandum dated October 24, 1995, Sergeant Garza proposed removal of petitioner, and again petitioner did not respond. Petitioner was removed effective January 5, 1996 for being absent without leave, failing to follow leave procedures, and unavailability for duty.
 
 
 3
 Petitioner asserts that the initial decision should be reversed because she did not receive adequate notice of the charges concerning her removal, one of her witnesses, her husband, was not allowed to testify on her behalf at the hearing before the AJ, and certain documentary evidence was not considered by the AJ.
 
 
 4
 We may only set aside the initial decision if we find the AJ's findings to be:
 
 
 5
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 6
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 7
 (3) unsupported by substantial evidence....
 
 
 8
 5 U.S.C. § 7703(c) (1994).
 
 
 9
 The AJ found that the Army timely mailed the notice of proposed removal to petitioner by certified and regular mail using the correct address to which petitioner stipulated. Because no evidence of circumstances that could have been expected to interfere with the delivery of two correctly addressed pieces of mail was presented and the Army had no other address for the appellant, the AJ concluded that the Army's efforts to provide the petitioner written notice of the proposed removal were fully intelligent and diligent.
 
 
 10
 This conclusion of the AJ is supported by substantial evidence. Even though the letter sent by certified mail was returned, the letter sent by regular mail was not. "If agencies could not rely on the due course of the mails, they could never safely act, for the employee could always wait till he is removed and then, before the board, claim late receipt of the Notice." Smith v. United States Postal Service, 789 F.2d 1540, 1544 (Fed.Cir.1986).
 
 
 11
 Petitioner testified that she had occasional problems with mail delivery at her address, but the AJ found that she provided no specific instances of this. Petitioner submitted a letter dated May 20, 1996 from the U.S. Postal Service allegedly corroborating her assertions that her mail delivery was unreliable. The AJ, however, did not have the benefit of the letter before the initial decision, and petitioner did not present any evidence as to why the letter was not available before May 20, 1996. Therefore, the AJ's conclusion that the Army made reasonable efforts to provide adequate notice to petitioner is supported by substantial evidence.
 
 
 12
 Evidentiary rulings are within the discretion of the AJ and will not be disturbed absent abuse of discretion. If such abuse of discretion did occur, the petitioner must prove that the error caused substantial harm or prejudice to her rights which may affect the outcome of her case. Curtin v. Office of Personnel Management, 846 F.2d 1373, 1379 (Fed.Cir.1988).
 
 
 13
 Petitioner complains a medical certificate was not considered by the AJ, and her husband was not allowed to testify to corroborate her lack of notice of her removal. As to each absence, the AJ considered medical certificates signed by petitioner's attending physician, Dr. Washington. The AJ apparently deemed another medical certificate too removed in time from petitioner's absences to be probative. Such a decision is within the sound discretion of the AJ.
 
 
 14
 Petitioner asserts that her husband, Mr. Roach should have been allowed to testify as to notice that he provided to petitioner's supervisor concerning her absences. Petitioner, however, was required to provide a certificate, properly completed by a doctor, stating that she was unable to report for work when she was ill. Mr. Roach could not have provided such a certificate. Therefore, it was not an abuse of discretion for the AJ to have refused the testimony of Mr. Roach.